LAUGHLIN McLAURIN *vs.* JOHN G. PARKER et al.

.The purchaser was not deceived by any false or fraudulent representations of the vendor, and he has not shown sufficient reason for not making his defence at law; and having sought equity for relief, he must be governed by the general rules of this subject, to submit to take a title at the hearing and complete his purchase.

Our statute, Hutch. Code, p. 847, places specialties and simple contracts on the same footing, so far as the power to impeach their consideration is concerned.

In this particular they are treated alike; and usury under our statute may be pleaded in any suit founded on a bond or specialty.

It is only as a defence to an action, either at law or in equity, that a contract can be avoided as to the interest. - -

Where a party has the legal right to ascertain a particular fact in his defence to an action on a specialty, which will defeat a recovery as to part of the debt sued for, he has a right to plead any defence which will put the fact in issue.

Where a party pleads the illegality of a contract as to the interest, he confesses it as to the principal of the claim, for which judgment may be taken against him by default, if there be no other plea filed.

The judgment must correspond with the pleadings and issue made by the parties, and the statute allowing issues not in accordance with the rules of the common law, must be construed so as to allow a proper judgment on the issue tried, or the particular state of pleading.

In error from the superior court of chancery; Hon. Stephen Cocke, chancellor.

The facts sufficiently appear from the opinion of the court.

D. *Mayes*, for appellant, cited *Smith* v. *Bramley*, Doug. 698;

McLaurin *v.* Parker et al.

Ambl. 371; *Price* v. *Hendricks*, 3 Lit. 109; *Bond* v. *Jones*, 8 S. & M. 668; *McRaven* v. *Forbes*, 6 How. 575; Story's Eq. § 345, note 11; 3 S. & M. 453; *Smith* v. *Walker*, 8 Ib. 137; *Robb* v. *Halsey*, 11 Ib. 147; Rev. Stat. of Ia. 710; Rev. Stat. of Mo. 834; Rev. Stat. of Ia. 451; Cobb Co. of Ga. 85; Code of Iowa, 153; Stat. of O. 685; Stat. of Tenn. 1835; Meig. R. 81; 1 Bibb, 500; 3 Ib. 171, 172; Kelly R. 1; 2 A. K. Marsh. 578; *Wise* v. *Kelly*, Ia. R. 869; 1 Lit. 177.

*T. J. & F. A. R. Warton*, for appellees in reply, cited *Yeiser* v. *Burk*, 3 S. & M. 439; 6 Ib. 723; *Lee* v. *Hooker*, 7 Ib. 601; 13 Ib. 718; 5 How. 89; 6 Port. 447; 5 How. 104; 4 S. & M. 358; 7 Ib. 180; 2 Story's Eq. 185; 13 S. & M. 100; Ib. 238.

Mr. Justice FISHER delivered the opinion of the court.

The complainant filed his bill in the superior court of chancery, to be relieved against a judgment at law, recovered at the November term, 1842, of the circuit court of Covington county, for the sum of $570.18, on the ground that the writing obligatory upon which the judgment is founded, was given to secure in part the purchase-money agreed to be paid for a tract of land sold by the administrators of Anselm H. Jayne, deceased, under order of the probate court of said county, to which it is shown that the heirs of Jayne were not made parties, by giving them notice according to the provisions of the statute on the subject; also to be relieved on the ground that said writing obligatory was given to secure in part usurious interest.

The heirs of Jayne, who are made parties defendants to the bill, by their answer, bring into court a deed conveying their interest in the land, and insist that the complainant should be required to perform his contract, because he failed to make his defence at law.

It does not appear that the purchaser was in any manner deceived by any false or fraudulent representations of the administrators making the sale; and we are of opinion that no sufficient reason is shown for not making his defence at law; and having omitted to do so, and sought equity for relief, he must be governed by the general rule on this subject, to submit to

take a title at the hearing and complete his purchase, especially when he has held, from the time of the purchase, uninterrupted possession of the land, named in the bill.

As to the question of usury, the only point presented for our decision is, whether the complainant, failing to make his defence at law, can in the present case have relief in equity.

It is urged by the counsel for the complainant, that as the action at law was founded on a specialty, and as usury only avoids the contract as to the interest, the defence could not have been made at law, inasmuch as the plea must impeach the whole, and not part of the consideration.   There are two statutes bearing directly on this question.   The first is the act of 1822, Hutch. Code, p. 847, § 56, in these words : " And it shall and may be lawful for the defendant or defendants, in any suit or action founded on any writing under seal by a special plea, to impeach or go into the consideration of the same, in the same manner as if the said writing had not been sealed, any law to the contrary notwithstanding."

The object of this law was to place specialties and simple contracts, as to the consideration, on the same footing.   In this particular a specialty is to be treated as a simple contract, and its consideration to the same extent may be inquired into.

As it is conceded that the defence of usury may be made to an action founded on a simple contract, we will content ourselves with the admission of counsel, and proceed to consider the other statute, which, in our opinion, settles the point in controversy.   After prescribing the rate of interest which may be taken, the statute provides, that if it shall be ascertained, on the plea or answer of the defendant in any suit, that more than the rate of eight dollars for one hundred dollars for one year, be taken or received, in and by such contract, bond, or note, no interest shall be allowed or recovered on such contract, bond or note.   Hutch. Code, p. 641, § 1 and 2.   According to the language, as well as the plain meaning of this statute, usury may be shown on the plea of the defendant, in any suit founded on a bond or specialty.   It is only as a defence to an action either at law or in equity that the contract can be avoided as to the interest.   This is obvious from the language employed in

the statute, in saying that if it shall be ascertained on the plea or answer of the defendant in any suit, &c. Any suit, means all suits, which may or can be prosecuted on the contracts, bonds, and notes named in the statute. If a party have a right to ascertain, in his defence to an action on a specialty, a particular fact, which will defeat a recovery as to only part of the debt sued for, he of course has a right to plead a plea which will put the fact in issue. We have, however, been cited to the rule of the common law on this subject; and it has been insisted, that according to this rule, the plaintiff, failing to recover any part of the debt, failed as to the whole. To this it is only necessary to reply, that the statute has prescribed to what extent usury shall affect a contract, bond, or note; and has authorized the defendant, in any suit founded on such contract, bond, or note, to ascertain on his plea the facts constituting usury. The plea, of course, must only set forth those facts which show a violation of the statute as to the rate of interest allowed. By pleading the illegality of the contract as to the interest, he confesses it as to the principal; and for it judgment may be rendered either by default, if there be no other plea in the cause, and the issue tried as to the interest. It may be said, that such proceeding is not sustained by the rules of the common law. To this position, we reply that the judgment must correspond with the pleadings and issue made by the parties; and the statute allowing an issue not in accordance with any rule of the common law, must be construed so as to authorize the proper judgment on the issue tried, or the particular state of pleadings.

Decree affirmed.