### William D. Brown et al. *v.* James B. West.

1. Promissory Note. *Usury. Peremptory instruction.*

> Where, in a suit upon a promissory note, the rights of a bona fide holder for value not being involved, the defendant, under proper pleadings, offers evidence tending to show that a part of the sum demanded was for usury, a peremptory instruction for plaintiff, directing the finding of the full amount sued for in his favor, should not be given.

2. Same. *Commissions on cotton not shipped. Devices to cover usury.*

> An agreement that a debtor shall forward a certain amount of cotton to his creditor, and if he fail to do so shall pay commissions on it as if it had been shipped, entered into with no expectation on either side that the cotton should be forwarded, but intended as a mere devise to enable the creditor to obtain a usurious rate of interest, is void.

From the circuit court of Sharkey county.

Hon. George Anderson, Judge.

. West, the appellee, was plaintiff in the court below; Brown and others, appellants, were defendants there. From a judgment in plaintiff's favor defendants appealed to the supreme court. The opinion states the case.

*Catchings & Catchings,* for appellants.

The transaction between the appellants and the appellee are clearly usurious and the court below grossly erred in giving the peremptory instruction to the jury.

The question as to the validity of a contract for the shipment of commodities to a commission merchant and to pay commissions if such commodities are not shipped was first passed upon in the case of *Cockle* v. *Flack,* 93 U. S., 344.

The learned circuit judge wholly misconceived the ruling of the supreme court of the United States in that case.

The contract in that case was vastly different from the several contracts by which the appellants were compelled to obligate themselves to ship a quantity of cotton, regardless of the question whether they would produce it or not, and in default to pay commissions on so much as was not shipped; in ·fact, the testimony shows clearly that the appellants did not have it in their power to ship the quantity of cotton contracted for, and that Chaffe, Powell & West, and Chaffe, West & Co. knew of their inability in this regard.

Yet the learned circuit judge in the case at bar, the contract in which we respectfully submit was conclusively shown to be usurious, ruled, as a matter of law, that it was not usurious and declined to let the jury pass upon the claim of usury. In *Chaffe* v. *Hughes,* 57 Miss., 257, this court correctly interpreted the opinion of the supreme court of the United States to mean that such a contract will not be good, except where there is a real expectation that the products shall in fact be forwarded.

The correct doctrine was also laid down by the supreme court of Tennessee, in the case of *Allen West Commission Co.* v. *Carroll,* 104 Tenn., 489. The supreme court of Georgia said: "Where cotton factors advance a specified sum to the customer, for which they were to receive interest at the rate of eight per centum per annum, and as a part of the contract the customer was to ship them 300 bales of cotton by a given day, paying charges thereon at certain rates, including one and one-half per centum commissions, and on failure to ship the cotton, or any part thereof, to pay $1.50 for each bale deficit, it was properly left to the jury to decide on all the facts whether or not these stipulations were a cover for usury or whether they were an honest contract for a commission business in connection with the use of money." *Callaway* v. *Butler,* 79 Ga., 358.

*Theodore McKnight,* for appellee.

By all the testimony in this record this cause is brought fairly and squarely within the cause of *Chaffe* v. *Hughes,* 57 Miss., 256, and there is an utter failure on the part of appellants to show that there was "no expectation on either side" that the cotton should be forwarded, "but as a mere device to enable" appellees to obtain an usurious rate of interest. Colonel Brown did not testify that there was no expectation on the part of the appellees that the cotton should not be forwarded, nor that there was no expectation on his part that the cotton should not be forwarded. That there was an expecation on the part of both parties that the cotton should be forwarded is evidenced by the fact that cotton was actually forwarded each year under this contract. It is not necessary to the upholding of this sort of a contract that both parties should have expected the cotton to be forwarded; to defeat the contract it must be that there was "no expectation on either side" that the cotton was to be shipped. If either one of them did expect it to be shipped, the contract would be upheld. Not only can we

say that one of the parties expected the cotton to be forwarded, but in this case it is clearly shown that both of the parties expected the cotton to be shipped, and that one of the parties shipped it and the other received it.

Then here we are met with the illogical proposition that the fact that the cotton agreed to be shipped was not shipped constitutes proof of the fraudulent character of the contract and renders it illegal and void. The very object and purpose of the contract was to insure the appellees commissions on such cotton as appellants might fail to ship short of the agreed number of bales. If it had not been probable or possible, at the time of the making of the contract, that appellants might fall short of producing or controlling the agreed number of bales of cotton, there would have been no necessity or sense in stipulating for payment of commissions on shortage in shipment. So we see that the appellants are mistaking the very object and purpose of the contract for evidence of its fraudulence and invalidity.

TERRAL, J., delivered the opinion of the court.

J. B. West, surviving partner of Chaffe, Powell & West, sued Brown and wife upon the following note:

"$1,325.09          ROLLING FORK, MISS., Feb. 23, 1893.

"On the 7th day of January, 1894, I promise to pay to the order of Chaffe, Powell & West, at their office in New Orleans, La., $1,325.09 for value received, with interest at the rate of ten per centum per annum from maturity until paid.

"W. D. BROWN,
"A. V. BROWN."

On this note credits amounting to $632.67 were indorsed; and for the balance, after deducting said credits, plaintiffs below had a verdict through a peremptory instruction to that effect. This peremptory instruction was given to the jury, notwithstanding the defendant below introduced evidence tend-

ing to show that a considerable portion of the debt sued for was usury; that more than $500 of it was charged against him in dealings running through several years because of his failure to ship to Chaffe, Powell & West a large number of bales of cotton in excess of what was made on his plantation; that his plantation was a small one, and known to be so to West, and yet under the stress of circumstances he was compelled to agree to ship Chaffe, Powell & West a large quantity of cotton each year, or, in default, to pay $1.25 for every bale of the deficit, from which agreement more than $500 of the debt sued on arose; he insisted that this arrangement was but a device to cover usurious interest; he offered in evidence circumstances tending to prove such conclusion, and from which the jury might have inferred such design. Under such circumstances, a peremptory instruction was erroneous. *Chaffe* v. *Hughes,* 57 Miss., 256.

The defendant below offered also other matters in contradiction of the claim sued on, which, we think, should not have been excluded from the consideration of the jury by a peremptory instruction.

*Reversed and remanded.*