KENNEDY *et al. v.* PORTER *et al.*

(Division B.   Oct. 26, 1936.)

[170 So. 286.   No. 32356.]

Hannah & Simrall, of Hattiesburg, for appellants.

744

Gardner & Backstrom and Mize, Thompson & Mize, all of Gulfport, for appellees.

**Anderson, J.,** delivered the opinion of the court.

Appellees, receivers of the Gulfport Building & Loan Association in liquidation, filed their bill in the chancery court of Harrison county against appellants to foreclose a mortgage on real estate in the city of Gulfport. The question involved is whether or not the contract is usurious.

Appellants answered the bill setting up facts which they relied on as constituting usury. Appellees' motion to strike the answer from the files because it presented no defense was sustained, and decree rendered in their favor on appellants' failure to answer further. From that decree appellants prosecute this appeal.

The bill alleged that appellant Mrs. Kennedy borrowed from the Gulfport Building & Loan Association the sum of two thousand dollars, to secure the payment of which she gave a mortgage on lots three and four in the McAlpine addition in the city of Gulfport, and, in addition, assigned to the building and loan association twenty shares of stock therein of the par value of one hundred dollars per share; that the indebtedness was evidenced by her note for two thousand dollars, which provided for the payment of the principal and interest in monthly installments of twenty-five dollars each, the note to bear interest from date at the rate of nine per cent. per annum; that the other appellants had become interested with appellant Mrs. Kennery in the lots in a manner unnecessary to state; that default had been made in the payments as provided by the contract, and therefore appellees were entitled to a foreclosure. Appellants answered the bill setting up, in substance, that the form of the transaction was a mere subterfuge to conceal usury; that in truth and in fact there was not any loan by the building

and loan association to Mrs. Kennedy but a sale and purchase of the two lots; that the building and loan association owned the lots which Mrs. Kennedy desired to purchase, and the price agreed on was two thousand dollars; that the building and loan association conveyed the property to her and took the note and mortgage referred to, and, in addition, required her to take two thousand dollars stock, par value, in the association, which she did, and place that up as additional security; in other words, that the unpaid indebtedness represented the balance due on the purchase price of the lots and not on a loan.

The precise question is whether the indebtedness was a loan or the purchase price of the property. The chancellor, as above stated, was of the opinion that the answer presented no defense and struck it from the files.

Our general usury statute, section 1946, Code of 1930, is in this language: "The legal rate of interest on all notes, accounts and contracts shall be six per cent per annum; but contracts may be made, in writing, for a payment of a rate of interest as great as eight per centum per annum. And if a greater rate of interest than eight per centum shall be stipulated for or received in any case, all interest shall be forfeited, and may be recovered back, whether the contract be executed or executory. If a rate of interest is contracted for or received, directly or indirectly, greater than twenty per centum per anum, the principal and all interest shall be forfeited, and any amount paid on such contract may be recovered by suit."

Section 3986, Code of 1930, exempts building and loan associations from the operation of the general statute to the extent that they are authorized to charge as much as ten per cent. per annum on *loans*. That statute follows: "All associations, whether foreign or domestic, now organized or that may hereafter be then organized, shall be permitted to contract for loans to its members who are stockholders and who participate in the profits of the association, at a rate of interest not

to exceed ten per cent. per annum. And all associations as defined in this chapter shall be permitted to contract for loans to applicants or borrowers who are not members, and who do not participate in the profits, at a rate of interest not to exceed ten per cent. per annum, payable in equal monthly installments for the average time or duration of such loans, but not less than three years.''

A contract for usurious interest is a corrupt contract, and is violative of the public policy of this state. The courts, in order to ascertain whether the contract is usurious, will look through the form to the substance; the real facts will control. Parchman v. McKinney, 12 Smedes & M. 631; McLaurin v. Parker, 24 Miss. 509; Hiller v. Ellis, 72 Miss. 701, 18 So. 95, 41 L. R. A. 707; Brown v. West, 80 Miss. 764, 32 So. 52; 66 C. J., section 299, page 305.

A statute exempting building and loan associations from the general usury statute is to be strictly construed against the associations. Sullivan v. Jackson Building & Loan Ass'n, 70 Miss. 94, 12 So. 590; 9 C. J., pp. 973, 974. Building and loan associations, by the plain language of the exempting statute, are authorized to charge more than eight per cent. per annum and not above ten per cent. *on loans.* If the answer in this case be true (and of course it must be taken as true for the purposes of this decision), the transaction involved was not a loan but the ordinary purchase price of real estate.

Reversed and remanded.